Matthias, J.
The sole question presented on this appeal is whether claimant sustained an injury within the contemplation of the Workmen’s Compensation Act.
The question as to the meaning of the term, “injury,” has been before this court many times, and it has been consistently held that to be compensable an injury must be accidental in origin and result.
In Toth v. Standard Oil Co., 160 Ohio St., 1, 113 N. E. (2d), 81, we held:
“The term, ‘injury,’ as used in the Ohio Workmen’s Compensation Act, comprehends a physical or traumatic damage or harm, accidental in its character in the sense of being the result of a sudden mishap occurring by chance, unexpectedly and not in the usual course of events, at a particular time and place.”
It is clear that under Ohio law a workman is not entitled to workmen’s compensation for every sudden disability with which he is seized while engaged in the performance of his duties for his employer. Nelson v. Industrial Commission, 150 Ohio St., 1, 80 N. E. (2d), 430. For an employee to receive compensation *409 for an injury arising at a time when he was performing his duties as an employee, he must show that such injury is physical or traumatic in character, that it arose suddenly and was not intentionally self-inflicted, and that it resulted by external means from some specific event or mishap occurring suddenly and unexpectedly and not in the usual course of events. Since it is not the act of the workman but rather the sudden mishap or event which controls the right to compensation, such event or mishap may well occur as a result of and while such employee is performing a customary and intentional act which comes to an unexpected and unintended result. However, the mere exertion of a greater effort than is ordinarily used or being subjected to some extraordinary strain is not in and of itself sufficient to give rise to a right to compensation; to warrant compensation the need for such strain or effort must be shown to have resulted from some sudden, unusual and unexpected occurrence or some sudden specific mishap or event. • In other words, for an injury to be compensable under the Workmen’s Compensation Act, it must be physical or traumatic in character and a result of external and accidental means occurring at a time when the employee was in the course of his employment.
We come now to a consideration of the case presently before us. The record shows that, for a period of some nine weeks before the date of the injury, the claimant had been forced to use two spools to move the boom. At the time of the injury, claimant was performing the same work and in the same -manner as he had performed it daily for many weeks. Nothing unusual occurred, there was no sudden mishap. While performing his usual duties, claimant felt this sudden tingling in his arm which is stipulated to be “a strain in the left arm which has been determined to be a traumatic disturbance of the brachial plexis and further described as a sensory neuritis and impaired sensation involving the median nerve.” The mere sudden appearance of a disability during the course of his employment is insufficient to entitle a workman to participate in the State Insurance Fund; such injury must have been preceded by some sudden mishap, external in character, resulting in the disability. No such mishap was present in this case.
*410 The judgment of the Court of Appeals is, therefore, reversed, and the judgment of the Court of Common Pleas is affirmed.

Judgment reversed.

Weygandt, C. J., Stewart, Bell and Taft, JJ., concur.
Hart, J., concurs in paragraph two of the syllabus and in the judgment but dissents from paragraph one of the syllabus.
Zimmerman, J., dissents.